THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **BONNIE T.,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**FRANK BISIGNANO,**[1]<br>**Commissioner of Social Security,**<br><br>　　　　**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:25-cv-00110-JCB**<br><br><br>**Magistrate Judge Jared C. Bennett** |

**PROCEDURAL BACKGROUND**[2]

Plaintiff Bonnie T. ("Plaintiff") alleges disability due to various physical and mental impairments. Plaintiff applied for Disability Insurance Benefits under Title II of the Social Security Act[3] in January 2022.[4] Plaintiff's application was denied initially[5] and upon reconsideration.[6] On October 24, 2023, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ").[7] The ALJ issued a written decision on December 15, 2023,

---

[1] Frank Bisignano is now the Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), he has been substituted as the Defendant in this case. ECF No. 10.

[2] Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment. ECF No. 6.

[3] 42 U.S.C. §§ 401-434.

[4] ECF No. 8, Administrative Record ("AR ___") 210-12, 238-39.

[5] AR 89-97.

[6] AR 98-106.

[7] AR 45-88.

denying Plaintiff's claim.[8] Plaintiff appealed the adverse ruling, and, on December 17, 2024, the Appeals Council denied her appeal,[9] making the ALJ's decision final for purposes of judicial review.[10] Plaintiff then filed suit in this court seeking review of Commissioner of Social Security Frank Bisignano's ("Commissioner") final decision.[11]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[12] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[13] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[14] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[15] "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[16]

---

[8] AR 21-44.

[9] AR 1-6.

[10] 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

[11] ECF No. 1.

[12] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation modified).

[13] 42 U.S.C. § 405(g).

[14] *Lax*, 489 F.3d at 1084 (citation modified).

[15] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (citation modified).

[16] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation modified).

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[17] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[18]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that [her] impairments would have more than a minimal effect on [her] ability to do basic work activities, [she] is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[19]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[20] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[21] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[22] An individual's RFC is her greatest ability to do physical and mental work activities on a regular and

---

[17] 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[18] 20 C.F.R. § 404.1520(a)(4); *see also Williams*, 844 F.2d at 750.

[19] *Williams*, 844 F.2d at 750-51 (citation modified); *see also* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

[20] 20 C.F.R. § 404.1525(a); *see also* 20 C.F.R. § 404.1520(a)(4)(iii).

[21] *Williams*, 844 F.2d at 751.

[22] 20 C.F.R. § 404.1520(a)(4), (e).

continuing basis despite limitations from her impairments.[23] In making this determination, the ALJ must consider all the claimant's impairments, including impairments that are not severe.[24]

For the fourth step, the claimant must show, given her RFC, that her impairments prevent performance of her "past relevant work."[25] "If the claimant is able to perform [her] previous work, [she] is not disabled."[26] If, however, the claimant is not able to perform her previous work, she "has met [her] burden of proof, establishing a prima facie case of disability."[27]

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[28] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of [her] age, education, and work experience."[29] If it is determined that the claimant "can make an adjustment to other work," she is not disabled.[30] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," she is disabled and entitled to benefits.[31]

## ANALYSIS

The court reverses the ALJ's decision and remands this case to the Commissioner because the ALJ's decision fails to comply with 20 C.F.R. § 404.1520c, and that failure is not

---

[23] *Id.* § 404.1545(a)(1), (b)-(c).

[24] *Id.* § 404.1545(a)(2).

[25] *Id.* § 404.1520(a)(4)(iv).

[26] *Williams*, 844 F.2d at 751.

[27] *Id.*

[28] *Id.*

[29] *Id.* (citation modified); *see also* 20 C.F.R. § 404.1520(a)(4)(v).

[30] 20 C.F.R. § 404.1520(a)(4)(v).

[31] *Id.*

harmless. Where, as here, Plaintiff filed her claim after March 27, 2017, the requirements of 20 C.F.R. § 404.1520c apply to the ALJ's decision. In relevant part, paragraph (a) of that section provides:

> When a medical source provides one or more medical opinions or prior administrative medical findings, we will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. *The most important factors* we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section). *We will articulate how we considered the medical opinions and prior administrative medical findings* in your claim according to paragraph (b) of this section.[32]

Paragraph (b) of 20 C.F.R. § 404.1520c requires the ALJ to "articulate . . . how persuasive" the ALJ finds "all of the medical opinions and all of the prior administrative medical findings in your case record."[33] And, like paragraph (a), paragraph (b)(2) provides that "[t]he factors of supportability . . . and consistency . . . are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be."[34] In terms of supportability, paragraph (c)(1) provides that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."[35]

---

[32] 20 C.F.R. § 404.1520c(a) (emphasis added).

[33] *Id*. § 404.1520c(b).

[34] *Id*. § 404.1520c(b)(2).

[35] *Id*. § 404.1520c(c)(1).

Additionally, paragraph (c)(2) states that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."[36] Indeed, given the foregoing, one need not engage the techniques of complex textual analysis to glean that, at a minimum, the ALJ's decision must state the persuasiveness of prior administrative medical findings by articulating the extent to which the findings are supportable and consistent as those terms are set forth in 20 C.F.R. § 404.1520c.

The ALJ's decision here fails to articulate the persuasiveness of prior administrative medical findings in terms of their supportability or consistency. First, although the ALJ found the prior administrative medical findings from Disability Determination Services "mostly persuasive,"[37] she fails to mention the words supportability and consistency much less "articulate how [she] considered the . . . prior administrative medical findings" in accordance with those most important factors.[38] Second, while the ALJ stated that she found the "non-examining state agency psychologists' opinion[s] persuasive because their opinions . . . are consistent with other cumulative evidence in the record,"[39] she fails to mention supportability. That is error.

Nevertheless, "[c]ourts may not reverse and remand for failure to comply with a regulation without first considering whether the error was harmless."[40] The United States Court

---

[36] *Id.* § 404.1520c(c)(2).

[37] AR 37.

[38] 20 C.F.R. § 404.1520c(a).

[39] AR 36.

[40] *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006) (emphasis omitted).

of Appeals for the Tenth Circuit has "specifically applied [harmless error] in social security disability cases."[41] An ALJ's error is harmless where the court can " confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."[42] When considering whether harmless error exists, the ALJ's findings must be sufficiently specific to allow a reviewing court to understand why prior administrative medical findings were persuasive because of supportability and consistency.[43] Indeed, "[i]t is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review."[44]

Based on the contents of the ALJ's decision, this court cannot "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."[45] The ALJ's decision is so lacking in the necessary articulation of the two most important factors regarding the aforementioned prior administrative medical findings that the court cannot determine whether the error is harmless without speculating why the ALJ credited the opinions as she did. Speculating that the ALJ must have considered the two most important factors where there is no textual evidence of that fact in the decision has no place in appellate review. Therefore, the ALJ's decision must be reversed, and this case must be

---

[41] *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

[42] *Fisher-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005) (citation modified).

[43] *Cf. Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).

[44] *Zblewski v. Schweiker*, 732 F.2d 75, 79 (7th Cir. 1984).

[45] *Fisher-Ross*, 431 F.3d at 733-34 (citation modified).

remanded to the Commissioner to provide the required articulation of at least the supportability and consistency factors under 20 C.F.R. § 404.1520c.

## ORDER

For the reasons stated above, the ALJ's decision is REVERSED, and this case is REMANDED to the Commissioner for proceedings consistent with this decision.

IT IS SO ORDERED.

DATED this 21st day of October 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge